# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

FRANK FARINA                                                    PLAINTIFF

VS.                                   CIVIL ACTION NO.: 3:13-cv-127-NBB-JMV

DON C. GEE                                            DEFENDANT

## ORDER GRANTING MOTION TO COMPEL

This matter is before the court on Plaintiff's Motion to Compel [48], seeking the transcript of an interview/inquiry of defendant conducted by his employer pursuant to a Collective Bargaining Agreement on February 15, 2013, and the Last Chance Settlement Agreement with that employer.[1] Having considered the motion and the accompanying briefs, the court finds the motion should be granted for the reasons set forth below.

In regard to the Last Chance Settlement Agreement, Defendant contends its production is barred by Federal Rule of Evidence 408, which states in part:

> Evidence of the following is not admissible … either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction: (1) furnishing, promising, or offering – or accepting, promising to accept, or offering to accept - a valuable consideration in compromising or attempting to compromise the claim…

FED. R. EVID. 408. Rule 408, however, is a rule of admissibility of evidence, not a rule of discoverability pursuant to Federal Rule of Civil Procedure 26. Because the Plaintiff provides no other authority, other than FRE 408, or argument in support of the transcript's non-discoverability, the Last Chance Settlement Agreement should be produced to the Plaintiff.

---

[1] The motion also seeks the transcript of an interview/inquiry conducted on June 29, 2012, but the court has already resolved the production of such by the Protective Order entered on April 16, 2014 [55].

In regard to the February 15, 2013, transcript, Defendant contends it is protected by his Physician-Patient Privilege under Mississippi Rule of Evidence 503 and Miss. Code. Ann. § 13-1-21.  This privilege was arguably waived when the Defendant – the holder of the privilege – spoke of his physical condition and communications with his physician on the record with his employer at the February 15, 2013, interview.  Further, the Defendant affirmatively alleges as a defense in this case that the Plaintiff's complained of injury was due to Defendant's *in*voluntary drug induced stupor (i.e. the proverbial "mickey"), for which he is not responsible.[2]  As such, the Defendant has not merely denied Plaintiff's allegations, he has affirmatively placed at issue his medical condition at the time of the injury for discovery purposes, and thus, he has effectively waived the privilege so far as it relates to the discoverability of the transcript.

Finally, the court does not take up the issue of whether the transcript or settlement agreement would be admissible at trial in this present ruling on the motion to compel.  Nor does the court's ruling here extend beyond the specific documents which are the subject of the motion to compel.

**IT IS, THEREFORE, ORDERED** that Plaintiff is required to produce, subject to the existing protective order, (1) the transcript of the interview/inquiry conducted on February 15, 2013, and (2) the Last Chance Settlement Agreement.

**SO ORDERED** this, the 23rd day of April, 2014.

    /s/ Jane M. Virden
    **UNITED STATES MAGISTRATE JUDGE**

---

[2] Plaintiff specifically alleges this affirmative defense in his responses to Plaintiff's interrogatories. *See* Def.'s Resp. to Pl.'s Interrog. No. 15 ("In your first and third affirmative defenses, you contend that Plaintiff's injuries were ... the direct result of … intentional acts of an unknown individual for which Defendant is not responsible.  Response: …Gee also believes that he may have consumed an unknown substance provided to him without his knowledge.  Prior to the subject incident, Don C. Gee had never experienced physical sickness with consumption of alcohol similar to what he experienced the night of the subject incident and had never "blacked out.").